IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

GUARANTY BANK & TRUST COMPANY                                                    PLAINTIFF

V.                                                                CIVIL ACTION NO. 4:13CV100-B-V

FGDI DIVISION OF AGREX, INC.,
WHOLLY OWNED SUBSIDIARY OF
MITSUBISHI CORPORATION,
FARMERS GRAIN TERMINALS, INC.,
AND EXPRESS GRAIN TERMINALS, LLC                                                DEFENDANTS

## MEMORANDUM OPINION

Presently before the court is the plaintiff's motion to remand. Upon due consideration of

the motion, response, and supporting and opposing authority, and being fully advised in the

premises, the court is ready to rule.

Defendant FGDI[1] removed this case to this court from the Circuit Court of Humphreys

County, Mississippi, on May 24, 2013, asserting that the citizenship of the non-diverse

defendants, Farmers Grain Terminals, Inc. ("FGT") and Express Grain Terminals, LLC ("EGT")

should be disregarded because the plaintiff has no reasonable basis to establish a cause of action

against them in state court. FGDI asserts that the non-diverse parties were improperly joined,[2]

that complete diversity exists, and that this court should retain jurisdiction pursuant to 28 U.S.C.

---

[1]The defendant asserts that it has been improperly identified as "FGDI Division of Agrex, Inc."
and that its proper name is "Agrex, Inc., d/b/a FGDI."

[2]The Fifth Circuit has held that there is no substantive difference between the terms "improper
joinder" and "fraudulent joinder" in the context of removal jurisdiction, but the court has adopted the term
"improper joinder" as the preferred term, finding that it is "more consistent with the statutory language
than the term 'fraudulent joinder.'" *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 571, n.1 (5th Cir.
2004).

§ 1332(a). The court agrees and finds that the plaintiff's motion to remand is not well taken and should be denied.

A motion to remand "will be denied on grounds of fraudulent joinder only if based on (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 405 (5th Cir. 2004) (quoting *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003)). In recent years, the Fifth Circuit has attempted to elucidate the historically nebulous improper joinder standard. The court has stated, "Though our earlier fraudulent joinder cases had been uncertain as to whether a removing defendant must demonstrate an absence of *any possibility* of recovery in state court, we clarified in *Travis* that the defendant must demonstrate only that there is no *reasonable* basis for predicting that the plaintiff will recover in state court." *Gray*, 390 F.3d at 405. The court has noted the similarity of the improper joinder standard to the Rule 12(b)(6) standard, "in that the crucial question is whether the plaintiff has set out a valid claim under applicable state law." *Id.*

The plaintiff, Guaranty Bank & Trust Company ("Guaranty"), a citizen of the State of Mississippi, filed its complaint in the Circuit Court of Humphreys County on April 26, 2013, against FGDI, a citizen of the State of Kansas, and the two non-diverse defendants, FGT and EGT. On the same date, the plaintiff filed a complaint against farmer David Walker in the same circuit court, asserting that Walker harvested over 70,000 bushels of corn and approximately 11,000 bushels of soybeans for the year 2012, crops on which the plaintiff held a security interest, "and, without the knowledge or consent of Guaranty, delivered the same to Farmers Grain Terminals, Inc., and Express Grain Terminals, LLC, in the name of FGDI, LLC, a

Division of Agrex, Inc, and caused said FGDI, a Division of Agrex, Inc., to take the proceeds of said sale without payment to Guaranty pursuant to the terms of the Notes and Security Agreements...."

FGDI asserts that this language from the complaint against Walker indicates that the plaintiff knew that FGDI, not the grain terminals, purchased the corn and soybeans from Walker and that FGT and EGT did not receive any proceeds of the sale. According to FGDI, the grain terminals instead simply took possession of FGDI's "bought and paid for" inventory. FGDI then sold the inventory to FGT and EGT.

The plaintiff maintains that it can recover against the non-diverse defendants because they are not protected as "buyers in the ordinary course of business." The court disagrees. Miss. Code Ann. § 75-1-201 provides as follows:

> (9) "Buyer in the ordinary course of business" means a person that buys goods in good faith, without knowledge that the sale violates the rights of another person in the goods, and in the ordinary course from a person, other than a pawnbroker, in the business of selling goods of that kind. A person buys goods in the ordinary course if the sale to the person comports with the usual or customary practices in the kind of business in which the seller is engaged or with the seller's own usual or customary practices.

Miss. Code Ann. § 75-9-320 provides:

> (a) Except as otherwise provided in subsection (e), a buyer in the ordinary course of business, other than a person buying farm products from a person engaged in farming operations, takes free of a security interest created by the buyer's seller, even if the security interest is perfected and the buyer knows of its existence.

The court finds that FGT and EGT qualify as buyers in the ordinary course of business, and they did not buy farm products from "a person engaged in farming operations." According to Miss. Code Ann. § 75-9-102(35), "'[f]arming operation' means raising, cultivating, propagating, fattening, grazing, or any other farming, livestock, or aquacultural operation." FGDI is not a

"farming operation" within the meaning of this statutory definition. FGT and EGT are therefore protected as buyers in the ordinary course of business. Guaranty has no reasonable basis for recovering against them in state court, and their citizenship should be disregarded for determining the existence of diversity jurisdiction. The court finds that the non-diverse defendants have been improperly joined and should be dismissed.

For the foregoing reasons, the court finds that the plaintiff's motion to remand should be denied and that the non-diverse defendants, Farmers Grain Terminals, Inc., and Express Grain Terminals, LLC, should be dismissed. A separate order in accord with this opinion shall issue this day.

This, the 28th day of March, 2014.


 /s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**